IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GUS JOHNSON, # 108854, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:13cv494-WHA |
| | ) | (WO) |
| STATE OF ALABAMA BOARD OF | ) | |
| PARDONS AND PAROLES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. # 1) filed by state inmate Gus Johnson ("Johnson"), who contends the Alabama Board of Pardons and Paroles ("Board") denied him due process when revoking his parole.

## I. BACKGROUND AND PROCEDURAL HISTORY

Johnson was convicted in July 1983 in the Circuit Court of Mobile County, Alabama, on the charge of burglary in the second degree. He was sentenced as a habitual felony offender to a term of life imprisonment. The Board granted him parole in November 1996.

On May 9, 2011, Johnson's parole officer filed a parole-violation report with the Board, alleging Johnson had violated the conditions of his parole by committing new criminal offenses, specifically, criminal surveillance and criminal trespassing in the third

degree. Resp't Ex. 1 at 36-37.

On May 16, 2011, a hearing officer appointed by the Board conducted a parole-court hearing on the violations alleged in the parole officer's report. Following that hearing, the hearing officer issued a written report finding Johnson guilty of violating the conditions of his parole and recommending that his parole be revoked. Resp't Ex. 1 at 39-46.

The hearing officer's written report was forwarded to the Board. On May 24, 2011, upon considering the hearing officer's report and recommendation, the Board revoked Johnson's parole. Resp't Ex. 1 at 47.

In September 2011, Johnson filed a petition for writ of certiorari in the Circuit Court of Montgomery County, Alabama, alleging that the Board had denied him due process in revoking his parole.[1] Resp't Ex. 1 at 5-16. Specifically, he claimed (1) his parole was revoked based on the testimony of an impeached witness; (2) his revocation was based on hearsay evidence; and (3) the Board failed to provide him with an explanation of the evidence relied on to revoke his parole. *Id*. The Board moved to dismiss his petition. *Id*. at 27-47.

On June 21, 2012, the circuit court entered an order finding Johnson was afforded due process in the revocation proceedings and granting the Board's motion to dismiss his

---

[1] "A petition for a writ of certiorari filed in the circuit court [of Montgomery County] is the proper method to challenge a ruling of the Alabama Board of Pardons and Paroles. *Samuels v. Alabama Board of Pardons & Paroles*, 687 So.2d 1287 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985).

petition. Resp't Ex. 1 at 50.

Johnson appealed to the Alabama Court of Criminal Appeals, reasserting two claims he presented to the circuit court[2] and adding a claim that the parole officer listed as a witness did not testify at the revocation hearing, depriving him of his confrontation rights. On November 30, 2012, by memorandum opinion, the Alabama Court of Criminal Appeals affirmed the circuit court's judgment. Resp't Ex. 2 at 3-7.

On July 12, 2013, Johnson filed this § 2254 petition asserting:

1.  His parole was revoked based on hearsay evidence.

2.  The Board failed to provide him with an explanation of the evidence relied on in revoking his parole.

3.  His parole was revoked based on the testimony of an impeached witness.

4.  The parole officer listed as a witness did not testify at the revocation hearing.

Doc. # 1 at 6-7.

In their answer to Johnson's petition, the respondents argue Johnson received the due process to which he was entitled under *Morrissey v. Brewer*, 408 U.S. 471 (1972), and that the state court properly adjudicated his claims on the merits. Doc. No. # 14.[3] *See Williams*

---

[2] On appeal, Johnson did not argue, as he did in his petition to the circuit court, that he did not receive a report of the evidence relied on in revoking his parole.

[3] The respondents do not argue Johnson failed to exhaust his state court remedies. Because his petition plainly has no merit, this court need not inquire further into that issue and instead may simply review the petition. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies

*v. Taylor*, 529 U.S. 362, 402 (2000).

Upon review of the pleadings, record, and relevant legal authorities, this court finds no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes Johnson's § 2254 petition should be denied.

## II. APPLICABLE LAW

### *Federal Habeas Standards*

The instant petition for federal habeas relief is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *Lindh v. Murphy*, 521 U.S. 320, 326 (1997) (federal habeas petitions filed after the effective date of the AEDPA are subject to the Act's provisions). "A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 638 (2003); *Williams*, 529 U.S. at 402. Under 28 U.S.C. § 2254(d), regarding a claim adjudicated on the merits in state court, federal habeas relief from a state court judgment may not be granted unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision based on an unreasonable determination of

available in the courts of the State.").

> the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In *Williams*, the Supreme Court held:

> Under the "contrary to" clause a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. at 412-13.

The Supreme Court has explained habeas relief is appropriate when a petitioner demonstrates "that a decision by a state court is 'contrary to' ... clearly established [Supreme Court] law if it 'applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Price*, 538 U.S. at 640 (quoting *Williams*, 529 U.S. at 405-06). Federal review in a habeas action "is limited to whether the state court's decision was objectively unreasonable in the light of clearly established federal law." *Hawkins v. Alabama*, 318 F.3d 1302, 1310 (11th Cir. 2003); *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001). A federal court is not to decide "the correctness per se ... of the state court

decision" but only the "objective reasonableness" of such decision. *Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001). "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410 (emphasis in original). "Under § 2254(d)(1)'s 'unreasonable application' clause, ... a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." 529 U.S. at 411.

Federal district courts are also directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price*, 538 U.S. at 639. The Supreme Court admonishes that such *de novo* evaluation "exceeds the limits imposed on federal habeas review by 28 U.S.C. § 2254(d)...." 538 U.S. at 636.

***Law Regarding Due Process in Parole Revocation Proceedings***

The Alabama Court of Criminal Appeals applied the standard set forth by the United States Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471 (1972), in determining that Johnson's revocation hearing satisfied the constitutional requirements of due process. *See* Resp't Ex. 2 at 6. *Morrissey* sets forth the clearly established federal law on this issue and articulates the minimum due process requirements for revocation of parole: (1) advance written notice of the alleged parole violations; (2) disclosure of the evidence against the parolee; (3) a hearing before a "neutral and detached" hearing body; (4) the opportunity to be heard in person and to call witnesses and present evidence; (5) the right to confront and cross-examine adverse witnesses, unless good cause is found for not allowing confrontation; and (6) a written statement by the factfinder setting out the evidence relied on and the reasons for revoking parole. 408 U.S. at 489. "These requirements in themselves serve as substantial protection against ill-considered revocation." *Gagnon v. Scarpelli*, 411 U.S. 778, 787 (1973). A revocation hearing does not "equate ... to a criminal prosecution in any sense," *Morrissey*, 408 U.S. at 489, and thus, the full panoply of rights afforded to the criminal defendant are not afforded to one facing revocation.

**III. DISCUSSION**

***Evidence at Revocation Hearing***

The Alabama Court of Criminal Appeals summarized the evidence presented at

Johnson’s revocation hearing as follows:

> A review of the record reveals the following. On May 9, 2011, Johnson's parole officer brought charges against Johnson, alleging that Johnson had violated his parole by committing the new offenses of criminal surveillance and third-degree criminal trespassing. On May 11, 2011, Johnson was given a copy of the report of the parole violation, which provided notice of the charges against him and notice of the date of the scheduled parole-revocation hearing. On May 16, 2011, a parole-revocation hearing was held. Two witnesses testified against Johnson at the hearing: Janice Bush, who witnessed the offenses, and Sharon Matthews, the victim. According to the report of the hearing officer, Sharon Matthews testified that she and Johnson are neighbors and that Johnson had previously been convicted of looking into her window. Since that time, Matthews testified, she has put up a wooden partition between the homes. Matthews testified that she was recently notified by another neighbor, Bush, that someone was on her patio trying to look into her window. The police were called. The police and Matthews noticed wet footprints on the patio of her home.
>
> Bush testified that Johnson is one of her neighbors and that she lived across the street from him. On March 30, 2011, Bush saw Johnson “going between Matthews’s house and car inside the carport” one morning between 6:35 a.m. and 6:40 a.m. Johnson was wearing a robe. (R. 12.) Johnson turned and “went around the other way to try to come to the other opening. When he got there he moved his head back and forth trying to see" in the window. (R. 12.) Bush testified that when Johnson came out of the carport, Bush, who was standing near the street, told Johnson that she saw him and that she had taken his picture. Johnson went back inside his house. Bush testified that she had lied to Johnson about taking his picture.
>
> After receiving the testimony at the parole-revocation hearing, the hearing officer found Johnson guilty of both violations based on the witnesses’ testimony and recommended that his parole be revoked. Based on the hearing officer’s findings, the Alabama Board of Pardons and Paroles (“Board”) subsequently revoked Johnson’s parole and ordered further parole consideration in May 2013.

Resp't Ex. 2 at 4.

***Johnson's Habeas Claims***

**A. Revocation of Parole Based on Hearsay Evidence**

Johnson contends his parole was improperly revoked based on hearsay evidence presented at the revocation hearing. Doc. # 1 at 6. He states:

> At violation hearing one witness testified that her reason for obtaining warrant was because a neighbor called and said that she saw me trespassing in her carport. When questioned as to personal knowledge of said trespass she admitted she had none.

*Id*.

The Alabama Court of Criminal Appeals addressed this claim as follows:

> With regard to Johnson's claim that his revocation was based on hearsay evidence, the record indicates that while some hearsay testimony was admitted via Matthews's testimony that her neighbor told her Johnson was looking into her window, nonhearsay testimony was presented via Bush who testified that she saw Johnson on Matthews's property trying to look into Matthews's window. Hearsay evidence may be admitted in a revocation proceeding; it just cannot form the sole basis for revocation. *Ex parte Belcher*, 556 So. 2d 366, 369 (Ala. 1989); *Boyd v. State*, 808 So. 2d 70, 71 (Ala. Crim. App. 2001). Because there was nonhearsay testimony presented on which the Board could have based its decision to revoke Johnson's parole, Johnson is not entitled to any relief on this claim.

Resp't Ex. 2 at 6,

While parole cannot be revoked based solely on hearsay evidence, *Gholston v. Jones*, 848 F.2d 1156, 1159 (11th Cir. 1988), hearsay evidence is admissible in a parole revocation proceeding, *Morrissey*, 408 U.S. at 483. As the *Morrissey* Court explained, a

revocation hearing is not a traditional adversary criminal trial but is only a final evaluation of any contested relevant facts and a consideration of whether the facts warrant revocation. The *Morrissey* Court further found that the use of hearsay as substantive evidence at a revocation hearing is not per se unconstitutional. *See Morrissey*, 408 U.S. at 499.

Here, Bush (the victim Matthews's neighbor) testified she saw Johnson on Matthews's property trying to look into Matthews's window. The revocation of Johnson's parole was therefore based on nonhearsay evidence that "reasonably demonstrated" Johnson had violated the condition of his parole that he not violate any law.[4] *See Mack v. McCune*, 551 F.2d 251, 254 (10th Cir. 1977) ("[A]ll that is required [to support revocation] is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of the release.").

Johnson has neither shown, nor even argued, that the state court's decision with respect to this claim is contrary to or an unreasonable application of federal law, or that the state court's corresponding factual determinations were incorrect by clear and convincing evidence. Therefore, he is not entitled to federal habeas relief based on this claim.

**B. Failure to Provide Explanation of Evidence Relied on in Revoking Parole**

Johnson contends the Board failed to provide him with an explanation of the evidence

[4] Matthews's testimony that she found wet footprints on the patio of her home after Bush notified her that Johnson was on her patio trying to look into her window was also nonhearsay.

relied on in revoking his parole.[5]  Doc. # 1 at 6.  This claim is refuted by the record, which reflects that Johnson received a copy of the hearing officer's report.  That report sets forth the witnesses who testified at the revocation hearing, a full recounting of the evidence received, the hearing officer's findings and evidence relied on,[6] and the hearing officer's recommendation to the Board.  Resp't Ex. 1 at 40-47.  The Board's notice of "Action of the Board Subsequent to Parole Court" indicates that revocation of Johnson's parole was based on the Board's consideration of the evidence received at the revocation hearing and the findings and recommendation of the hearing officer.  Resp't Ex. 1 at 47.  Johnson's claim here is without merit and entitles him to no relief.

**C.   Parole Revoked Based on Testimony of "Impeached" Witness**

Johnson contends his parole was improperly revoked based on the testimony of an "impeached" witness.  Doc. # 1 at 6.

The Alabama Court of Criminal Appeals addressed this claim:

> ... Johnson claims that the evidence was insufficient because one of the witnesses' testimony – Bush – was impeached when she admitted that she had lied to Johnson about taking his picture[.]

---

[5] Although Johnson raised this claim in his petition for writ of certiorari filed in the Circuit Court of Montgomery County, he did not pursue this claim in his appeal to the Alabama Court of Criminal Appeals.  The Alabama Court of Criminal Appeals therefore found he had abandoned the claim and did not address it on the merits in its memorandum opinion.  *See* Resp't Ex. 2 at 5.  The respondents have not argued that this claim is procedurally defaulted.

[6] *See* Resp't Ex. 1 at 44.

> Even if we took Johnson's allegation that Bush's testimony was impeached as correct, Johnson is not entitled to relief. The hearing officer is well within his or her discretion as the trier of the facts to believe all or part of a witness's testimony or to disregard all of part of a witness's testimony. *Rivers v. State*, 689 So. 2d 990, 992 (Ala. Crim. App. 1996) ("[T]his court has stated that the credibility of the witnesses is to be determined by the trier of fact."). The credibility of witnesses affects the weight of the evidence, not its sufficiency, and is solely for the jury to determine. *Buford v. State*, 891 So. 2d 423 (Ala. Crim. App. 2004). Bush testified that she saw Johnson on Matthews's property looking into a window. The hearing of officer could believe that portion of Bush's testimony and disregard other portions. Thus, Johnson's argument is without merit.

Resp't Ex. 2 at 6-7.

Bush's lie to Johnson at the time of the incident was hardly a basis for disregarding all – or any – of her testimony at the revocation hearing.[7] She provided testimony at the hearing that, if believed, "reasonably demonstrated" Johnson had violated the condition of his parole that he not violate any laws. *Mack*, 551 F.2d at 254.

Johnson has neither shown, nor even argued, that the state court's decision with respect to this claim is contrary to or an unreasonable application of federal law, or that the state court's corresponding factual determinations were incorrect by clear and convincing evidence. Therefore, he is not entitled to federal habeas relief based on this claim.

### D. Failure of Parole Officer to Testify at Revocation Hearing

Johnson says parole officer Kesler Weaver was listed as a witness at the revocation

---

[7] Bush testified she told Johnson she had taken his picture "because she wanted him to know that she had seen him." Resp't Ex. 1 at 40.

hearing but did not testify, preventing him, he says, from cross-examining Weaver regarding factual information that formed the basis of his revocation.[8]  Doc. # 1 at 7.

Weaver was not a testifying witness at the revocation hearing. Rather, he questioned the testifying witnesses at the hearing, including Johnson. Johnson fails to specify, or even suggest, the "factual information that formed the basis of his revocation" regarding which he might have cross-examined Weaver. There is no indication that Johnson sought to question Weaver, or was prevented from questioning Weaver, at the revocation hearing. Johnson's cursory allegation here demonstrates no denial of his confrontation rights or any prejudice. This claim entitles him to no relief.

## IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for writ of habeas corpus relief filed by Gus Johnson be DENIED.

2. This case be DISMISSED with prejudice.

It is further

ORDERED that on or before **February 25, 2015** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in

---

[8] Johnson did not raise this claim in his petition for writ of certiorari filed in the Circuit Court of Montgomery County. He raised the claim for the first time in his appeal to the Alabama Court of Criminal Appeals. Consequently, the Alabama Court of Criminal Appeals determined the claims was not preserved for appellate review. *See* Resp't Ex. 2 at 5. The respondents do argue this claim is procedurally defaulted.

the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE this 11th day of February, 2015.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE